UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHWE THAUNG,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondent.

Case No. 2:26-cv-03822-TLF

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Shwe Thaung, a citizen of Burma/Myanmar and a national of Thailand, is currently detained by U.S. Immigration and Customs Enforcement (ICE) at Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. Dkt. 9, habeas corpus petition, at 2.

The parties consent to the jurisdiction of a Magistrate Judge. Dkt. 4

Under *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001), there is a presumption that detention is unreasonable if it exceeds six months, after an order of removal. Petitioner was detained for approximately eight months, from the date of his first order of removal -- July 27, 2020 -- until his release on April 9, 2021. Dkt. 13-1. He was re-detained on April 30, 2026 and is still detained. Dkt. 13-3. Even considering only the 2026 period of detention, petitioner reached six months of detention on October 30, 2026. Thus, the presumptively reasonable period has elapsed. Respondents have not rebutted the presumption; the Court GRANTS IN PART the habeas petition (Dkt. 9), and ORDERS

respondents to release petitioner within 24 hours of the filing of this Order, subject to his prior OSUP conditions of supervision.

**A. Background**

Petitioner was born in Burma, his family fled to a Thai refugee camp to escape ethnic violence, and he was subsequently admitted to the United States as a refugee at 13 years old. Dkt. 9 at 6.

Petitioner has a criminal history of convictions between 2015-2020 in Minnesota state courts. Dkt. 13-1 at 4-5. Petitioner was initially detained by immigration authorities in late 2019. *Id*. at 4. ICE issued a warrant for his arrest on January 30, 2020, and petitioner was detained following his release from jail on March 26, 2020. Dkt. 13-1 at 4. A Notice to Appear (NTA) was issued on March 26, 2020. Dkt. 13-2.

An Immigration Judge ordered petitioner removed on or about July 27, 2020, but granted him indefinite deferral of removal to Burma/Myanmar under the Convention Against Torture (CAT). Dkt. 12, Return, at 1, 3; Dkt. 13-3 (the Return indicates that "[a]lthough the Form I-213 [Dkt 13-3] uses the term "withholding under CAT," the protection granted was deferral of removal under 8 C.F.R. § 1208.17). The Immigration Judge concluded that, given the long history of persecution of the Karen minority, "it is more likely than not Respondent would be tortured by the Burmese government and the Tatmadaw [the Burmese military] on account of his Karen ethnicity." Dkt. 9, Ex. 1 at 14, IJ Order. Petitioner was released on an OSUP in early 2021. Dkt. 9 at 4; Dkt. 13-7 (Notice of Revocation of Release revoking an OSUP dated April 7, 2021) at 2.

On April 30, 2026, ICE re-detained petitioner after he completed a sentence in Minnesota for fifth-degree possession of a controlled substance. Dkt. 9 at 4; Dkt. 13-1 at 4; Dkt. 13-3.

ICE issued a warrant for his arrest on March 25, 2026, which was served on him in English on April 30, 2026. Dkt. 13-5 at 2. Petitioner was given an informal interview, but the record does not document his responses and he did not provide a written statement or supporting documents. Dkt. 13-6 at 2. ICE issued a notice dated April 30, 2026, revoking his release on an OSUP, stating that his release was revoked because he had been arrested and charged multiple times by local law enforcement. Dkt. 13-7 at 2.

The notice revoking petitioner’s release acknowledges that he was granted protection from removal to Burma/Myanmar and states that his case is “under review for removal to an alternate country.” Dkt. 13-7 at 3. ICE officers have also told petitioner that they are considering removing him to an African country. Dkt. 9 at 7. The government, however, acknowledges that ICE has not identified a third country willing to accept petitioner and notes petitioner would be willing to travel to Ukraine. Dkt. 13-3 at 4.

**B. Discussion**

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is in “violation of the Constitution or laws or treaties of the United States[.]” 28 U.S.C. § 2241(c)(3).

The authority of ICE to detain noncitizens under federal law, 8 U.S.C. § 1231, directs the Attorney General of the United States to effectuate the removal of any

noncitizen from this country within 90 days of any order of removal. 8 U.S.C. § 1231(a)(1). The removal period begins to run, as relevant here, on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i).

Section 1231(a)(6) authorizes ICE to continue detention of noncitizens after the expiration of the removal period. In *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001), the Supreme Court considered the provisions of 8 U.S.C. § 1231(a)(6) and held that the Due Process Clause prohibits detention beyond the period reasonably necessary to effectuate removal because "freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty [the] Clause protects." *Id.* at 690.

The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id.* "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

If the government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id.*; *see Jennings v. Rodriguez,* 583 U.S. 281, 299 (2018). Once "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," the noncitizen must be released. *Zadvydas*, 533 U.S. at 699. The noncitizen may be released on an Order of Supervision (OSUP). 8 C.F.R. § 241.13(h).

Petitioner argues that his immigration detention is in violation of Zadvydas because it has totaled nearly 20 months across his periods of detention, that more than

five years have passed since his removal order became final, and that removal to Burma/Myanmar is prohibited by his indefinite CAT deferral, rendering it not reasonably foreseeable. Dkt. 14 at 4. He contends ICE has neither identified a third country willing to accept him nor obtained travel documents for any other country. *Id*.

Respondents acknowledge that petitioner's CAT deferral bars his removal to Burma/Myanmar and that ICE "has not yet identified a third country that will accept Petitioner." Dkt. 12 at 2. They argue that petitioner's current period of detention, which began on April 30, 2026, has not yet reached six months. Dkt. 12 at 2. Yet, petitioner was re-detained on April 30, 2026, and is still detained, so the six-month presumptive period has run. Dkt. 13-3.

Petitioner has provided good reason to believe that removal is not reasonably foreseeable. His removal to Burma/Myanmar is barred by his indefinite CAT deferral. And although the government states that petitioner's case is under review for removal to an alternate country, it has not identified any country willing to accept him, much less obtained travel documents or otherwise demonstrated concrete steps toward removal.

The government expressly acknowledges that ICE "has not yet identified a third country that will accept Petitioner." Dkt. 12 at 2, 6 ("Petitioner is currently detained, and no third country has been identified."), 8 ("No third country has been identified."). Furthermore, "Federal Respondents do not contest that once the applicable period has elapsed and no third-country option has been identified, continued detention would not be authorized under 8 U.S.C. § 1231(a)(6) as construed in *Zadvydas." Id*. at 7. Accordingly, the government has not met its burden since the record leaves the timing and likelihood of removal uncertain.

Petitioner's criminal history does not alter the analysis. If the legal test for a due process violation under *Zadvydas* is satisfied, release is warranted even if the petitioner has a criminal record. *Baltodano v. Bondi*, 815 F. Supp. 3d 1191, 1199 (W.D. Wash. 2025) (quoting *Zadvydas*, 533 U.S. at 684) ("…the Court is bound by the holding in *Zadvydas*, a case that notably involved [an] individual with 'a long criminal record' and 'a history of flight.'"); *see also Hagos v. Blanche*, No. 2:26-cv-01513-TLF, 2026 WL 1905861, at *3 (W.D. Wash. July 2, 2026).

The Court finds that petitioner has met his burden under *Zadvydas*, and the government has failed to rebut his showing. Accordingly, petitioners' continued detention violates the Due Process Clause.

**Injunctive Relief**

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Petitioner has been subject to detention that has exceeded the Due Process limits determined under *Zadvydas*, which is a significant injury. The Court has addressed this by granting habeas corpus relief and releasing him under the conditions of his prior Order of Supervision.

A plaintiff must meet four elements to justify an order granting a permanent injunction: first, they have suffered an irreparable injury; second, remedies at law would be inadequate to compensate plaintiff for the injury; third, considering the balance of hardships between plaintiff and defendant, an equitable remedy is warranted; and fourth, the "public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006). On this record, petitioner has not met the first element, that he would suffer irreparable injury without a permanent

injunction. *See Le v. Bondi,* 824 F. Supp. 3d 1112, 1121-22 (W.D. Wash. 2026) (whether the Government complied with petitioner's right to due process as applied must be reviewed based on specific circumstances at the time); *Rahim v. Hernandez,* No. 2-26-cv-03476-LK, 2026 WL 3059247 (W.D. Wash. Oct. 13, 2026) (citing *Roman v. Wolf,* 977 F.3d 935, 942 (9th Cir. 2020) and finding that criteria for permanent injunctive relief were not met).

The record here does not demonstrate that respondents have taken concrete steps toward removing petitioner to a third country. Although the government indicates that petitioner may be willing to travel to Ukraine (Dkt. 13-3 at 4) no third country has been identified as willing to accept him *See Bui v. Scott*, No. 2:25-CV-02268-TMC, 2025 WL 3706796, at *4 n.1 (W.D. Wash. Dec. 22, 2025); *Uprety v. Bondi*, No. 2:25-CV-02443-JNW, 2026 WL 194227, at *5 (declining to address third country removal claims as unripe). Nothing in this order prevents petitioner from pursuing additional relief if warranted by future events. *See Coke v. Bondi,* No. C26-71-MLP, 2026 WL 221514, at *4 (W.D. Wash. Jan. 28, 2026).

**C. Conclusion**

For all these reasons, the Court GRANTS IN PART and DENIES IN PART petitioner's habeas petition:

1) Respondents **ARE ORDERED TO** release petitioner **within 24 hours** of this Order under his prior conditions of supervision for the OSUP.
2) Within two business days of petitioner's release, respondents must file a certification with this Court confirming the date and time petitioner was released from custody.

Dated this 6th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge